AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| Gregory Thorpe, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:12-cv-11632-RWZ |
| Keith F. Croes, et al. | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | ) District of Massachusetts ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Phillips & Cohen LLP
2000 Massachusetts Avenue, N.W., Suite 100, Washington D.C. 20036

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Please see Attachment "A".

| Place: Veritext<br>1050 Connecticut Ave. N.W.<br>Washington D.C. 20036 | Date and Time:<br>04/08/2013 10:00 am |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 03/06/2013

CLERK OF COURT                                            OR _____

_____                                            _____
*Signature of Clerk or Deputy Clerk*                                                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Gregory Thorpe and Blair Hamrick, who issues or requests this subpoena, are:

Alex P. Basilevsky, Esq., Obermayer Rebmann Maxwell & Hippel LLP
1617 JFK Blvd, 19th Floor, Philadelphia PA 19103
p. (215) 665-3094, e-mail: alex.basilevsky@obermayer.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:12-cv-11632-RWZ

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* Phillips & Cohen LLP

was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00.

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT "A"

### DEFINITIONS

1. The term "P&C", "you" and/or "your" refers to (1) Phillips & Cohen LLP; (2) each and every legal entity which is a predecessor or successor in interest to Phillips & Cohen LLP; (3) its present and former agents, employees, attorneys, representatives, partners; and (4) any other persons currently and/or formerly acting or purporting to act for it or on its behalf.

2. The term "Cross & Bennett" refers to (1) Cross & Bennett LLC; (2) Keith Cross, Esq.; (3) Joseph Bennett, Esq.; (4) Cross & Bennett LLC's present and former agents, employees, attorneys, representatives, partners; and (5) any other persons currently and/or formerly acting or purporting to act for Cross & Bennett LLC, Keith Cross and/or Joseph Bennett or on their behalf.

3. The term "Qui Tam Litigation" refers, collectively, to the qui tam cases docketed in the United States District Court for the District of Massachusetts at Nos. 03-cv-10641 and 12-cv-11632, as well as the qui tam case docketed in the United States District Court for the District of Colorado at No. 03-0008-WYD-BNB.

4. The term "Thorpe" refers to Gregory Thorpe.

5. The term "Hamrick" refers to Blair Hamrick.

6. The term "Government" refers to the United States of America; United States Department of Justice; the United States Attorney's Office for the District of Massachusetts; the United States Attorney's Office for the District of Colorado; their present and former agents, employees, attorneys, and representatives – specifically

1

including but not limited to Sara Bloom, Andy Mao, Edwin Winstead, Patrick Jasperse, and Michael Theis.

7. The term "person," as used herein, means any natural person, partnership, corporation, or other business entity and all present and former officers, directors, agents, employees, partners, venturers, owners, attorneys and others acting or purporting to act on behalf of such natural person, partnership, corporation or other business entity.

8. The term "document," as used herein, means the original and all copies of any written, printed, typed, electronic, or graphic matter of any kind or nature and any other tangible thing in your custody or control, including but not limited to:

   a. all contracts (whether or not executed), agreements, letter agreements, representations, warranties, certificates and opinions;

   b. all letters or other forms of correspondence or communication, including e-mails, envelopes, notes, telegrams, cables, telex messages and text messages, reports, notations, memoranda, and any "documents" relating to telephone conversations, conferences or meetings;

   c. all memoranda, reports, plans, renderings, test results, financial statements or reports, notes, scripts, transcripts, tabulations, studies, analyses, evaluations, projections, work papers, corporate records or copies thereof, expressions or statements of policy, lists, comparisons, questionnaires, surveys, charts, graphs, summaries, extracts, statistical statements or records, compilations and opinions of reports of consultants;

   d. all desk calendars, appointment books, pocket calendars, and diaries;

e. all minutes, records or transcripts of meetings and conferences, and lists of persons attending meetings or conferences;

f. all reports and summaries of interviews or negotiations;

g. all books, articles, press releases, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, instructions and manuals;

h. all motion pictures and photographs (whether developed or undeveloped), tape records, punch cards, magnetic tapes, discs, data cells, drums, print-outs and other data compilations from which information can be obtained;

i. drafts of any documents, revisions of drafts of any documents and original or preliminary notes prepared in connection with such documents, whether used or not;

j. any non-identical copy of any document; and

k. all information stored in any computer or in any magnetic or other medium.

9. The term "communication," as used herein, means all statements, admissions, denials, inquiries, discussions, conversations, negotiations, agreements, contracts (whether or not executed), understandings, meetings, telephone conversations, letters, e-mails, text messages, correspondence, notes, telegrams, telexes, advertisements, or any other form of written or verbal intercourse.

10. The terms "relates to" and "relating to" as used herein mean: constitutes, refers, reflects, concerns, pertains to, or in any way, logically or factually connects with the matter described in the Request.

## RULES OF CONSTRUCTION

In construing these Document Requests:

1. The singular shall include the plural and plural shall include the singular.

2. A masculine, feminine or neuter pronoun shall not exclude the other genders.

3. "Or" shall be construed either conjunctively or disjunctively to bring within the scope of document requests any information which might otherwise be construed outside their scope.

4. Unless otherwise specified in the request for production, each request shall extend to all documents which have been available to, in the possession of, or subject to the control of P&C.

## INSTRUCTIONS

1. Each Document Request is to be completed, separately and fully, unless it is objected to, in which event the reasons for the objection should be stated in a manner which would enable the Court to decide on the merit of the objection.

2. When a full and complete response to a particular Request is not possible, production should be made to the extent possible and a statement should be made indicating why only a partial production is given and what must occur before a complete production may be given.

3. These Requests shall be deemed continuing, so as to require additional production if additional information is obtained between the time the initial production is made and the time of trial. Such additional production shall be made not later than five (5) days after such additional documents are received.

4

## CLAIMS OF PRIVILEGE

If any documents sought by these Requests are withheld from production based on privilege, work product or any reason, you shall provide a log identifying the date of the document, author(s), addressee(s), recipient(s) of copies, number of pages, and the precise reason why production is being withheld. Whenever any objection is made to any numbered or lettered paragraph or to any part of a document request, you are to produce documents to any other numbered or lettered paragraph of such request as to which there is no objection.

## DOCUMENT REQUESTS

Please produce the following:

1. All communications between you and Cross & Bennett from January 1, 2000 to the present, including but not limited to communications related to the Qui Tam Litigation.

2. All documents reflecting or relating to any communications between you and Cross & Bennett from January 1, 2000 to the present, including but not limited to communications related to the Qui Tam Litigation.

3. All communications between you and Thorpe from January 1, 2001 to the present.

4. All documents reflecting or relating to any communications between you and Thorpe from January 1, 2001 to the present.

5. All communications between you and the Government in connection with the Qui Tam Litigation.

6. All documents reflecting or relating to any communications between you and the Government in connection with the Qui Tam Litigation.

7. All communications between you and Cross & Bennett regarding any business or commercial relationship or potential business or commercial relationship between P&C and Cross & Bennett other than the Qui Tam Litigation.

8. All documents reflecting or relating to any communications between you and Cross & Bennett regarding any business or commercial relationship or potential business or commercial relationship between P&C and Cross & Bennett other than the Qui Tam Litigation.

9. All communications between you and Cross & Bennett, regarding first-to-file matters, issues, or questions, in the Qui Tam Litigation.

10. All documents reflecting or relating to any communications between you and Cross & Bennett, regarding first-to-file matters, issues, or questions, in the Qui Tam Litigation.

11. All communications between you and the Government, regarding first-to-file matters, issues, or questions, in the Qui Tam Litigation.

12. All documents reflecting or relating to any communications between you and Government, regarding first-to-file matters, issues, or questions, in the Qui Tam Litigation.

13. All communications between P&C and Cross & Bennett regarding the quality of Cross & Bennett's services and/or any allegations of malpractice by Cross & Bennett in connection with the Qui Tam Litigation.

14. All documents reflecting or relating to any communications between P&C and Cross & Bennett regarding the quality of Cross & Bennett's services and/or any allegations of malpractice by Cross & Bennett in connection with the Qui Tam Litigation.

15. All communications between P&C and Cross & Bennett regarding the fee dispute between Cross & Bennett and Thorpe and Hamrick.

16. All documents reflecting or relating to any communications between P&C and Cross & Bennett regarding the fee dispute between Cross & Bennett and Thorpe and Hamrick.

17. All communications between P&C and the Government regarding the quality of Cross & Bennett's services and/or any allegations of malpractice by Cross & Bennett in connection with the Qui Tam Litigation.

18. All documents reflecting or relating to any communications between P&C and the Government regarding the quality of Cross & Bennett's services and/or any allegations of malpractice by Cross & Bennett in connection with the Qui Tam Litigation.

19. All communications between P&C and the Government regarding the fee dispute between Cross & Bennett and Thorpe and Hamrick.

20. All documents reflecting or relating to any communications between P&C and the Government regarding the fee dispute between Cross & Bennett and Thorpe and Hamrick.

21. All documents relating to P&C's claim for statutory attorneys' fees in the Qui Tam Litigation, including but not limited to any petition and supporting documents reflecting or relating to any communications with GSK, the Government, and/or the United States District Court for the District of Massachusetts regarding P&C's claim for statutory attorneys' fees.

22. All documents reflecting or relating to any attempt by Thorpe to retain P&C from January 1, 2001 to the present.

23. All documents reflecting or relating to any policies or procedures regarding the evaluation of prospective clients in effect at P&C from January 1, 2001 to the present.

24. Documents reflecting the identities of all P&C attorneys and employees involved in the representation of Thomas Gerahty and Matthew Burke.

25. Documents reflecting the identities of all P&C attorneys and employees who saw or had access to any materials or information provided by Thorpe in connection with any attempt by Thorpe to retain P&C from January 1, 2001 to the present.

26. Documents reflecting the nature of any work done by P&C attorneys and/or employees with respect to any attempt by Thorpe to retain P&C from January 1, 2001 to the present.

27. All communications between P&C and Cross & Bennett regarding any attempt by Thorpe to retain P&C.

28. All documents reflecting or relating to any communications between P&C and Cross & Bennett regarding any attempt by Thorpe to retain P&C.

8