IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE THIRD-PARTY SUBPOENA TO PRODUCE DOCUMENTS | NO. 1:13-mc-00405-JEB-DAR |
| GREGORY THORPE, *et al.*<br><br>Plaintiffs<br><br>vs.<br><br>KEITH F. CROSS, *et al.*<br><br>Defendants | NO. 1:12-cv-11632-RWZ<br>Pending in District of Massachusetts |

**ORDER**

**AND NOW**, this _____ day of May, 2013, upon consideration of Plaintiffs' Motion for an Extension of Time under Rule 6(b)(1)(a) and any response filed thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED**. Plaintiffs must file their Response to Non-Party Phillips & Cohen LLP's Motion to Quash Subpoena on or before May 27, 2013.

_____
                                          J.

4305605

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE THIRD-PARTY SUBPOENA TO PRODUCE DOCUMENTS | NO. 1:13-mc-00405-JEB-DAR |
| GREGORY THORPE, *et al.* <br><br> Plaintiffs <br><br> vs. <br><br> KEITH F. CROSS, *et al.* <br><br> Defendants | NO. 1:12-cv-11632-RWZ <br> Pending in District of Massachusetts |

**PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME UNDER RULE 6(b)(1) TO RESPOND TO PHILLIPS & COHEN LLP'S MOTION TO QUASH SUBPOENA**

For the reasons set forth in the attached Memorandum of Law, Plaintiffs, Gregory Thorpe and Blair Hamrick, request a fourteen-day extension of time to file a Response to Non-Party Phillips & Cohen LLP's Motion to Quash Subpoena.

Respectfully submitted,

**OBERMAYER REBMANN
MAXWELL & HIPPEL LLP**

/S/
Joseph J. McGovern, Esquire
(D.C. Bar No. 936609)
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103
Telephone: (215) 665-3000
Fax: (215) 665-3165

*Attorney Plaintiffs
Gregory Thorpe and Blair Hamrick*

Date: May 10, 2013

4305605

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE THIRD-PARTY SUBPOENA TO PRODUCE DOCUMENTS | NO. 1:13-mc-00405-JEB-DAR |
| GREGORY THORPE, *et al.*<br><br>Plaintiffs<br><br>vs.<br><br>KEITH F. CROSS, *et al.*<br><br>Defendants | NO. 1:12-cv-11632-RWZ<br>Pending in District of Massachusetts |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENLARGEMENT OF TIME UNDER RULE 6(b)(1) TO RESPOND TO NON-PARTY PHILLIPS & COHEN LLP'S MOTION TO QUASH**

Plaintiffs, Gregory Thorpe and Blair Hamrick, request a fourteen-day extension of time to file a response to the Motion to Quash filed by non-party Phillips and Cohen, LLP ("P&C") due to the numerous issues raised in P&C's Motion, the importance of the requested discovery, the tens of millions of dollars at stake in Plaintiffs' lawsuit, and Plaintiffs' counsel schedule. This is Plaintiffs' first request for an extension of time. Plaintiffs' response to P&C's Motion to Quash is currently due on May 13, 2013.

In its Motion to Quash, P&C seeks to quash Plaintiffs' third-party document subpoena served on P&C in connection with Plaintiffs' legal malpractice claim against their former lawyers, Keith Cross, Joseph Bennett, and Cross & Bennett L.L.C. (collectively "Cross & Bennett"), filed in the above-captioned action in the United States District Court for the District of Massachusetts. In their legal malpractice claim, Plaintiffs sued Cross & Bennett in connection with their

4305605

representation of Plaintiffs, as whistleblowers, in a whistleblower lawsuit filed against GlaxoSmithKline LLC ("GSK") under the False Claims Act (the "FCA"). The FCA provides that citizens, officially called "relators" and often called whistleblowers, may bring suit against companies or individuals who have presented, or caused to be presented, false claims for payment to the government. The FCA provides that if there is a recovery at the conclusion of a case, the relator is entitled to a percentage share of that recovery. P&C represented co-relators of Plaintiffs in the whistleblower lawsuit against GSK. Plaintiffs and P&C's relators entered into a sharing agreement, in which they agreed to work together and share the whistleblowers' reward. In the whistleblower lawsuit, the Government ultimately recovered approximately $1.1 billion dollars in its civil settlement with GSK. The Massachusetts District Court is currently holding Cross & Bennett's disputed contingency-fee award in the approximate amount of $30 million dollars pending the resolution of Plaintiffs' legal malpractice claim and Cross & Bennett's fee dispute.

In their legal malpractice claim, on March 8, 2013, Plaintiffs served a third-party subpoena on P&C requesting documents related to Plaintiffs' legal malpractice claims. P&C worked with Cross & Bennett for over six (6) years in litigating the lawsuit against GSK and possesses a substantial amount of discoverable information related to Plaintiffs' legal malpractice claim. P&C requested an extension of time to serve objections to Plaintiffs' subpoena. Plaintiffs agreed to P& C's request with no conditions attached.

On April 5, 2013, P&C produced *only* ten (10) pages of documents and objected to producing any additional documents, claiming Plaintiffs' subpoena was overbroad, unduly burdensome, and sought privileged communications. At the mandatory meet and confer, P&C refused to cooperate in good faith with Plaintiffs' offer to narrow their requests. P&C refused to produce any additional documents regardless of the degree or manner in which Plaintiffs

narrowed their subpoena. P&C refused to even search for responsive documents, claiming that any search regardless of how narrow would be unduly burdensome. P&C's lack of cooperation is outlined in Plaintiffs' April 22, 2013 letter to P&C that is attached as Exhibit A.

Instead of working together with Plaintiffs in an effort to resolve the parties' discovery dispute, on April 24, 2013, P&C filed a Motion to Quash (Dkt. No. 1). P&C's Motion is 277 pages, including thirty (30) pages of argument, fourteen (14) pages of declarations, and fifty-one case citations. P&C's refusal to meet and confer in good faith in favor of filing its Motion to Quash made clear that P&C had no intention of making any effort to work with Plaintiffs to resolve its objections, but instead had been working on its Motion to Quash from the time that it first received Plaintiffs' subpoena.

Due to the numerous issues raised in P&C's Motion, the importance of the requested discovery, the tens of millions of dollars at stake in Plaintiffs' lawsuit, and Plaintiffs' counsel schedule, Plaintiffs' counsel requested a brief extension of time to file Plaintiffs' response to P&C's Motion. P&C's counsel would not agree to Plaintiffs' request unless Plaintiffs agreed to postpone service a subpoena of a former employee of P&C whom P&C does not represent and whom Plaintiffs' counsel is permitted to contact under the D.C. Rules of Professional Conduct. This is despite Plaintiffs having agreed to P&C's request for an extension of time to file its objections without any conditions attached. P&C used that additional time to draft its massive Motion to Disqualify and is now refusing to provide Plaintiffs with sufficient time to prepare its response.

Federal Rule of Civil Procedure 6(b)(1)(A) permits the court in its discretion to enlarge the time for filing responsive pleading on a finding of good cause. Fed. R. Civ. Proc. 6(b)(1)(A). Enlargement is required here to allow Plaintiffs sufficient time to respond to P&C's Motion to Quash.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request this Honorable Court enlarge the time for Plaintiffs to respond to Phillips and Cohen, LLP's Motion to Quash by fourteen (14) days as provided in the attached form of Order.

Respectfully submitted,

**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**

/S/
Joseph J. McGovern, Esquire
(D.C. Bar No. 936609)
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103
Telephone: (215) 665-3000
Fax: (215) 665-3165

*Attorney Plaintiffs*
*Gregory Thorpe and Blair Hamrick*

Date: May 10, 2013

4

**EXHIBIT A**

**EXHIBIT A**

4305605



## OBERMAYER
### REBMANN MAXWELL & HIPPEL LLP

ATTORNEYS AT LAW

**Alex P. Basilevsky, Esquire**
Direct Dial: (215) 665-3094
E-mail: alex.basilevsky@obermayer.com

One Penn Center – 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103-1895
P 215-665-3000
F 215-665-3165
www.obermayer.com

April 22, 2013

*Via E-mail*
Stephen Hasegawa, Esquire
**PHILLIPS & COHEN LLP**
100 The Embarcadero, Suite 300
San Francisco, CA 94105

Re: Subpoena to Phillips & Cohen

Dear Steve:

I am writing to follow-up our conference call on April 17, 2013 and confirm our understanding regarding Phillips & Cohen's position regarding the various objections raised in your response to our subpoena.

First, we wish to confirm Phillips & Cohen's (P&C) position, as expressed by you on the call, that:

1. With respect to communications between P&C and Cross & Bennett (Cross), it is P&C's position that it will not produce any responsive documents regardless of the degree or manner in which we narrow our requests on the basis that such documents are not discoverable absent a specific affirmative showing that we are unable to obtain those documents from the defendants in our litigation;

2. With respect to communications between P&C and the government, it is P&C's position that it will not produce any responsive documents regardless of the degree or manner in which we narrow our requests on the basis that all such communications are subject to either the attorney-client privilege, work product doctrine, and/or common interest doctrine;

3. With respect to all non-communication documents that relate to communications between P&C and Cross or the government, it is P&C's position that all such documents are subject to either the attorney-client privilege, work product doctrine, and/or common interest doctrine;

Document Number: 4713125

Stephen Hasegawa, Esquire
Page 2 of 4
April 22, 2013

4. P&C does not intend to conduct any review of documents in its possession to determine what responsive documents it possesses, and whether they are, in fact, subject to any privilege, with the exception of locating and producing the ten pages of material P&C has already produced. Again, we understand that this position will not be altered regardless of the degree or manner in which we might narrow our requests;

5. That due to the positions described above, P&C will not produce any privilege log of documents being withheld from production, again, regardless of the degree or manner in which we narrow our requests because the production of such a log is, according to P&C, unduly burdensome given your position that all responsive documents are subject to the above listed objections, and thus not discoverable;

6. It is P&C's position generally that none of the documents requested in the subpoena are either relevant to our litigation, or reasonably calculated to lead to the discovery of admissible evidence; and

7. It is P&C's position that it would prefer to litigate its objections through a motion to quash, rather than produce any further documents, regardless of the degree or manner in which we might narrow our requests .

We disagree with P&C's positions as described above. However, if we have misstated any of P&C's positions, we ask that you correct any such misstatement.

With respect to P&C's general position regarding relevance, we believe P&C's position is simply incorrect. Our litigation involves allegations that Cross failed to appropriately represent Mr. Thorpe and Mr. Hamrick in numerous respects, including but not limited to:

1. Failing to file an adequate original complaint, thereby jeopardizing our clients' position as first-filed relators;

2. Failing to negotiate an appropriate sharing agreement between our clients and P&C's clients;

3. Failing to follow client instructions with respect to the negotiations with P&C regarding the relator share split;

4. Failing to investigate P&C's ethical obligations to Mr. Thorpe as a former prospective client;

5. Failing to adequately represent our clients' interests subsequent to the execution of the sharing agreement by, in essence, ceding prosecution of the case against GSK to P&C;

Document Number: 4714001

Stephen Hasegawa, Esquire
Page 3 of 4
April 22, 2013

6. Misrepresenting the protective order entered by Judge Gertner regarding data mining;[1] and

7. Failing to disclose to our clients his relationship with P&C.

All of these allegations involve Cross's interactions with P&C, and communications between P&C and Cross are clearly relevant or reasonably calculated to lead to the discovery of admissible evidence. Further, as we noted to you on the phone, Cross has counterclaimed against our clients asserting a *quantum meruit* claim for compensation. That claim is largely dependent on the amount and value of the work performed by Cross in obtaining the ultimate settlement from GSK. The extent to which Cross committed malpractice, as described above, or ceded responsibility for the litigation against GSK to P&C, is directly relevant to whether Cross is entitled to compensation, and, if so, how much.

Also, there is at least one category of documents that is neither privileged, nor obtainable from Cross, that reflects communications between P&C and Cross. We know that there were oral communications between Cross and P&C. If P&C took notes of those calls which reflect what was said, those notes would not be privileged nor would they be obtainable from Cross. Please let us know whether you are willing to search for and produce any such notes related to the Qui Tam Litigation.

With respect to the scope of our requests, certainly some are broader than others. As we discussed on the phone we are willing to make our requests more focused in order to reduce the burden on P&C in responding to them. With respect to electronically stored information, such as e-mail, we are willing to develop a list of key words that could be used to search your computer system for responsive documents. It may also be possible, particularly with e-mail, to limit our requests to particular record keepers.

The best way to narrow our requests is, to some extent, dependent on how your system is set up. Assuming you have a central e-mail server that can be searched globally, we suggest searching for e-mails with the "@crossbennett.com" domain name. That should capture all e-mails to or from Cross. Depending of the volume of hits, further filtering could be done with additional key words or by using restrictions as to date or record keeper. With respect to communications with the government, we suggest searching for the specific e-mail addresses of

---

[1] With respect to this item, there is indication that prior to receiving a copy of the protective order, Cross was relying on representations made by Erika Kelton, Esq. regarding the content of that order and the government's plan for data mining. As such, any communications between Ms. Kelton and Cross, or Ms. Kelton and the government, may be relevant to establish what Cross was told about the scope of the protective order and/or the government's plan for data mining.

Document Number: 4714001

Stephen Hasegawa, Esquire
Page 4 of 4
April 22, 2013

government attorneys involved in the Qui Tam Litigation. Again, further filtering could be done to the extent that the number of hit was too large to reasonably review.

In light of the positions taken by P&C on our call, we do not believe that P&C acted in good faith in our meet & confer. The extreme positions you have taken are not defensible. Your demand that any narrowing be accomplished on our first call was clearly unreasonable and illusory given that P&C will not produce any responsive documents regardless of the degree or manner in which we narrow our requests. Your refusal to continue discussions in favor of filing a motion to quash makes clear that you had no intention of making any effort to work with us to resolve your objections.

Very truly yours,

Alex P. Basilevsky

Document Number: 4714001

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE THIRD-PARTY SUBPOENA TO PRODUCE DOCUMENTS | NO. 1:13-mc-00405-JEB-DAR |
| GREGORY THORPE, *et al.*<br><br>Plaintiffs<br><br>vs.<br><br>KEITH F. CROSS, *et al.*<br><br>Defendants | NO. 1:12-cv-11632-RWZ<br>Pending in District of Massachusetts |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies and states that a true and correct copy of the attached Motion for Enlargement of Time has been served via ECF upon the following:

Peter Wilson Chatfield, Esquire
PHILLIPS & COHEN LLP
2000 Massachusetts Avenue, NW
Washington, DC 20036

Stephen Hasegawa, Esquire
PHILLIPS & COHEN LLP
100 The Embarcadero, Suite 300
San Francisco, CA 94105

/S/
Joseph J. McGovern, Esquire

*Attorney Plaintiffs*
*Gregory Thorpe and Blair Hamrick*

Dated: May 10, 2013

4305605