UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE THIRD-PARTY SUBPOENA TO PRODUCE DOCUMENTS | Case No. 1:13-mc-00405-JEB-DAR |
| GREGORY THORPE and BLAIR HAMRICK, <br><br> Plaintiffs, <br><br> v. <br><br> KEITH F. CROSS, JOSEPH F. BENNETT, and CROSS & BENNETT L.L.C., <br><br> Defendants. | Related to: <br> No. 1:12-cv-11632-RWZ <br> Pending in the DISTRICT OF MASSACHUSETTS |

**NON-PARTY PHILLIPS & COHEN LLP'S MEMORANDUM IN OPPOSITION TO MOTION FOR ENLARGEMENT OF TIME**

Non-party Phillips & Cohen LLP ("P&C") objected to Thorpe and Hamrick's request for an extension because Thorpe and Hamrick seek to delay the resolution of P&C's motion while using that delay to pursue further discovery subject to the exact same objections raised in the pending motion. The propriety of Thorpe and Hamrick's use of their malpractice litigation as a pretext to gather information about non-party P&C is squarely presented by the pending Motion to Quash or, in the Alternative, for Protective Order Re: Subpoena (the "Motion"). Accordingly, the Court's resolution of the motion necessarily also will resolve the issue of whether <u>other</u> discovery equally focused on P&C (rather than on the claims in the pending case) is improper. Thus, P&C informed Thorpe and Hamrick's counsel that it would consent to the requested extension

subject to the reasonable condition that Thorpe and Hamrick's counsel would not use the delay to pursue other discovery relating to P&C. Yet Thorpe and Hamrick's counsel—despite the absence of any discovery cutoff necessitating haste—have refused P&C's common-sense request that they stop seeking information about P&C's confidential internal work product and its representation of its own clients until the Court decides, in the context of the pending motion, whether that discovery is improper.

P&C is a law firm. It has never represented plaintiffs Thorpe or Hamrick, although it did reject Thorpe's inquiry about retaining P&C.[1] Thorpe and Hamrick, represented by Cross & Bennett (C&B), thereafter filed a *qui tam*, or "whistleblower" suit against GlaxoSmithKline ("GSK"). P&C represented two other clients (Thomas Gerahty and Matthew Burke) in a parallel suit against GSK. The two sets of whistleblowers agreed to work together and to split the aggregate proceeds of their cases 50-50. When it became clear that the recovery in the GSK lawsuits would be substantial, Thorpe began seeking ways to increase his recovery at the expense of others. Thorpe and Hamrick demanded that C&B reduce its contingency fee in the case; when C&B declined, Thorpe and Hamrick fired them. Separately, Thorpe schemed to repudiate the relators' share agreement and reduce Gerahty and Burke's shares of any recovery. Ultimately, Thorpe and Hamrick received over $74 million for their role as whistleblowers in the case. Nonetheless, they have sought an additional $75 million in damages from C&B for alleged malpractice.

Separately—*i.e.* outside the context of their malpractice suit against C&B, Thorpe and Hamrick have begun to assert (baseless) ethical concerns about P&C's conduct in the GSK litigation in a transparent effort to explore potential claims against P&C. Thorpe and Hamrick's counsel, in letters dated April 18 and May 2, 2013, has sought substantial

---

[1] These facts, and the evidence supporting them, are set forth in far greater detail at pages 3-7 of P&C's Motion to Quash, or in the Alternative for Protective Order, re: Subpoena (Doc. 1).

information about P&C's evaluation and rejection of Thorpe's inquiry and about P&C's representation of Gerahty and Burke in the GSK cases.

P&C has recently learned that, <u>without informing P&C</u>, Thorpe and Hamrick's counsel has sought much of the same information from Bonny Harbinger, a former P&C lawyer. Indeed, although Thorpe and Hamrick's counsel acknowledged that P&C objected to the provision of the information on grounds of relevance, privilege, and work product—objections that are now before the Court in P&C's Motion—Thorpe and Hamrick's counsel told Harbinger that she could <u>ignore</u> those objections and unilaterally disclose the information without P&C's consent and without any ruling from the Court on P&C's objections. *See* Hasegawa Decl., Ex. A. P&C also has learned—again, not from Thorpe and Hamrick's counsel, who have not seen fit to inform P&C about their efforts to obtain P&C's internal information—that Thorpe and Hamrick are attempting to serve a deposition subpoena (issued from this Court) for Harbinger's testimony. *See* Hasegawa Decl., Ex. B.

Because Thorpe and Hamrick's counsel have attempted to keep P&C in the dark about their efforts to obtain information from former P&C lawyers, P&C does not know whether Thorpe and Hamrick have contacted other former P&C lawyers or taken the position (as they did with Harbinger) that those other former P&C lawyers may unilaterally disclose confidential P&C information notwithstanding P&C's objections on privilege, work-product, or other grounds. To the extent that Thorpe and Hamrick have sought P&C's information from others, they have not given P&C any opportunity to raise objections to or to protect against the disclosure of P&C work product or confidential information about P&C's representation of its clients.

In P&C's Motion, the principal (though not the only) objection that P&C has asserted is that Thorpe and Hamrick are improperly using their malpractice suit against defendants C&B as a pretext to gather information to evaluate or prosecute a future suit against non-party P&C. *See* Doc. 1 at 5-8, 9-10, 17-20. In addition, P&C raised the

obvious objection that Thorpe and Hamrick's demands for P&C's internal work product concerning the GSK case, its evaluation of other potential cases, its confidential communications with lawyers for a co-party (the government) in the GSK case, and its confidential communications with co-counsel in other cases seek materials protected from discovery by the work product doctrine.

These same objections apply equally to Thorpe and Hamrick's efforts to obtain information about P&C from former P&C lawyers, including Bonny Harbinger. Thus, while P&C's Motion does not seek relief as to to Thorpe and Hamrick's subpoena to Harbinger—nor can it, since, to P&C's knowledge, that subpoena has not even been served—the rationale for the Court's ruling on P&C's objections will decide the important issues of (a) whether Thorpe and Hamrick can properly use their pending lawsuit against C&B as a pretext to obtain information relating to P&C; and (b) whether information P&C created in litigating actual cases or evaluating potential ones is protected from discovery by the work product doctrine. Given that Thorpe and Hamrick do not yet have a discovery cutoff in their pending litigation, there is no reason to proceed with discovery whose propriety will be resolved by the pending motion.

P&C accordingly proposed a reasonable accommodation in exchange for Thorpe and Hamrick's counsel's request for an extension: wait until the resolution of the pending Motion to seek any more discovery relating to P&C. Such a postponement would result in no cognizable harm to Thorpe and Hamrick (who, again, have no pending discovery cutoff), but it would serve the interests of this Court in eliminating duplicative motion practice, and it might put an end to Thorpe and Hamrick's counsel's efforts to obtain P&C's internal information without even giving notice to P&C. If Thorpe and Hamrick want to delay the Court's resolution of the Motion, they should not be allowed to use that delay to pursue discovery that is subject to the same objections asserted in the Motion. Because Thorpe and Hamrick have refused that reasonable compromise, P&C opposes their request for an extension.

Dated: May 10, 2013 /s/
Peter W. Chatfield, Esq.
 (D.C. Bar No. 418576)
PHILLIPS & COHEN LLP
2000 Massachusetts Ave., N.W.
Washington, D.C. 20036
Tel: (202) 833-4567
Fax: (202) 833-1815
Email: peter@phillipsandcohen.com

Stephen Hasegawa
 (admitted *pro hac vice*)
PHILLIPS & COHEN LLP
100 The Embarcadero, Suite 300
San Francisco, CA 94105
Tel: (415) 836-9000
Fax: (415) 836-9001
Email: ssh@pcsf.com

Attorneys for non-party subpoena recipient
PHILLIPS & COHEN LLP

## PROOF OF SERVICE

I am employed in San Francisco, California. I am over the age of 18 and not a party to the within action. My business address is 100 The Embarcadero, Suite 300, San Francisco, CA 94105.

On May 10, 2013, I served the foregoing documents described as NON-PARTY PHILLIPS & COHEN LLP'S MEMORANUM IN OPPOSITION TO MOTION FOR ENLARGEMENT OF TIME upon all parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

**[X]  (By Federal Express)** I enclosed the documents in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at San Francisco, California addressed as indicated on the attached Service List.

**[X] (By ECF)** A true and correct copy of the foregoing document has been served via ECF to the parties as indicated on the attached Service List.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed this 10th day of May, 2013.

/s/
Christine Zengel

## SERVICE LIST

| | |
|---|---|
| Matthew J. Fogelman<br>Fogelman & Fogelman LLC<br>100 Wells Avenue<br>Newton, MA 02459<br>(617) 559-1530<br>mjf@fogelmanlawfirm.com | Counsel for Plaintiffs/Cross-Defendants Gregory Thorpe and Blair Hamrick<br><br>*[service via FedEx]* |
| William J. Leonard<br>Richard P. Limburg<br>Joseph J. McGovern<br>Obermayer Rebmann Maxwell & Hippel LLP<br>1617 John F. Kennedy Blvd.<br>Philadelphia, PA 19103<br>(215) 665-3000<br>william.leonard@obermayer.com<br>richard.limburg@obermayer.com<br>joseph.mcgovern@obermayer.com | Counsel for Plaintiffs/Cross-Defendants Gregory Thorpe and Blair Hamrick<br><br>*[service via ECF]* |
| George A. Berman<br>Alan K. Tannenwald<br>Peabody & Arnold LLP<br>Federal Reserve Plaza<br>600 Atlantic Avenue<br>Boston, MA 02210<br>(617) 951-2100<br>gberman@peabodyarnold.com<br>atannenwald@peabodyarnold.com | Counsel of Record as to Plaintiffs' Claims Against Defendants<br><br>*[service via FedEx]* |
| Allison D. Burroughs<br>Benjamin L. Mack<br>Nutter, McClennen & Fish LLP<br>155 Seaport Boulevard<br>Boston , MA 02110<br>(617) 439-2775<br>aburroughs@nutter.com<br>bmack@nutter.com | Counsel of Record as to Defendant Cross & Bennett L.L.C.'s Counterclaim Against Plaintiffs<br><br>*[service via FedEx]* |