

**ATTORNEYS AT LAW**

**William J. Leonard, Esquire**
Direct Dial: (215) 665-3228
E-mail: william.leonard@obermayer.com

One Penn Center – 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103-1895
P 215-665-3000
F 215-665-3165
www.obermayer.com

April 18, 2013

**VIA E-MAIL AND FIRST CLASS MAIL**

Dr. Bonny Harbinger
Deputy Director
Office of Technology Transfer
National Institutes of Health
6011 Executive Boulevard, Suite 325
Rockville, MD 20852

Re:   Request for Information Regarding Phillips & Cohen's
      Handling of Greg Thorpe's Confidential *Qui Tam* Information

Dear Dr. Harbinger:

My name is Bill Leonard. I am a partner in this law firm.

We represent Greg Thorpe and Blair Hamrick in a legal malpractice case and fee dispute with the Colorado law firm of Cross & Bennett, LLC and its principals Keith Cross, Esquire and Joseph Bennett, Esquire (hereafter referred to collectively as "Cross & Bennett"). I am writing to you in the hope that you might be able to provide information that will be helpful in connection with those matters.

From 2002 to 2009, Keith Cross represented Greg and Blair in a *qui tam* case against GlaxoSmithKline ("GSK") involving the off-label marketing of a number of drugs, including Wellbutrin, Advair, Lamictal and Imitrex. Mr. Cross initiated the action in January 2003. Subsequently, Mr. Cross negotiated a sharing agreement with other relators represented by the law firm of Phillips & Cohen, who had filed an off-label *qui tam* lawsuit on behalf of a single relator several months after Greg and Blair. Greg and Blair discharged Cross & Bennett in 2009 and engaged new counsel in the *qui tam* case. That case settled in 2012 for a substantial sum. Judge Rya Zobel of the United States District Court for the District of Massachusetts oversaw the settlement.

Before engaging Cross & Bennett, Greg Thorpe sought representation from Phillips & Cohen for his case. At that time, April 2002, Greg submitted information to Phillips & Cohen concerning the off-label promotion of Wellbutrin, Imitrex and Lamictal, and described evidence in the form of sales call notes and a nationwide speakers program, among other things. See Exhibit A (the first page of this exhibit included attorney notes that Phillips & Cohen has redacted). Phillips & Cohen declined to represent Mr. Thorpe on the ground that "promotion of

4702947

Dr. Bonny Harbinger
Page 2
April 18, 2013

off-label use is not fraud under the False Claims Act". It communicated this decision to him in a letter dated April 25, 2002, which you signed. I have attached a copy of this letter for your reference. See Exhibit B.

As mentioned above, approximately one year later, in April 2003, Phillips & Cohen filed a *qui tam* complaint on behalf of a relator other than Greg Thorpe setting forth a claim for the off-label promotion of Wellbutrin. It filed an amended *qui tam* complaint on behalf of that same relator in June 2003 adding the drugs Imitrex, Lamictal, and Advair (which appeared in Greg and Blair's complaint), as well as Valtrex and Zofran (which did not appear in Greg and Blair's complaint). The Phillips & Cohen complaint and amended complaint referred to sales call notes, although not the same ones that Greg had provided, and the nationwide speakers program.

In 2012, after the *qui tam* case settled, we filed our malpractice action against Cross & Bennett. Around that same time, Cross & Bennett filed a complaint against Greg and Blair for compensation in the *qui tam* case.

In the malpractice case, we have alleged, inter alia, that Cross & Bennett failed to protect Greg and Blair's interests in the *qui tam* matter as they related to Phillips & Cohen. Specifically, we have alleged that, although Greg pointed out to Cross & Bennett the similarity between the Phillips & Cohen complaints and the information that he had asked Phillips & Cohen to evaluate, Cross & Bennett failed to conduct the due diligence that was appropriate under the circumstances.[1] To properly evaluate what Cross & Bennett could have accomplished in this regard, we need to know: (a) the names of the Phillips & Cohen lawyers who evaluated Greg Thorpe's case and whether those lawyers were involved in any way with Phillips & Cohen's later-filed action; and (b) whether Greg, or the later-filed relator, was first in time in discussing the GSK off-label *qui tam* case with Phillips & Cohen.

We have asked Phillips & Cohen to provide us with documents identifying the lawyers who evaluated both Greg's case and its later-filed case. Phillips & Cohen has objected on the grounds that the information sought is irrelevant and not likely to lead to the discovery of relevant information and on the grounds that the information is protected by the attorney client privilege, the work product immunity and the common interest doctrine.

Phillips & Cohen has refused to provide any additional information or documents in the matters, beyond what it has already produced, all of which I have attached hereto, and has indicated an intention to move to quash our subpoena. We will oppose Phillips & Cohen's motion, of course, and we intend to seek further information from it. See Exhibit C. In the

---

[1] Although Phillips & Cohen's complaint and amended complaint were filed on behalf of just one relator, it told Attorney Cross during the negotiation of the relator share agreement that it represented as many as four relators. As it turned out, only two relators signed the sharing agreement and those two were named in subsequent amendments of Phillips & Cohen's complaint.

4702947

Dr. Bonny Harbinger
Page 3
April 18, 2013

meantime, however, we have decided to ask you for information. We do not believe that Phillips & Cohen's objections are valid in so far as they have been interposed to prevent us from learning the names of lawyers who were involved in these matters. In our view, there is no privilege that protects the identity of lawyers who work on a matter. We also do not believe that your telling us which client was first in time to share his case with Phillips & Cohen implicates any privilege or confidentiality issue. <u>Therefore, in an effort to obtain reliable, limited, and non-objectionable information, I am asking you to provide that information.</u>

    Because you are a former employee of Phillips & Cohen, and not a current employee, it is permissible for me to contact you under Rule 4.2 of the Pennsylvania Rules of Professional Conduct. I wish to stress that I do not want to elicit information that is privileged or that would involve a violation of any duties imposed upon you by law. As I've already said, I do not believe my request raises such issues for you. I do believe, however, that my client, Greg Thorpe, is entitled to know whether his confidential information was protected by Phillips & Cohen, as it was required to be under the ethical rules governing duties to prospective clients.

    If you are represented in this matter, you should forward this e-mail to your counsel or provide me with contact information for your counsel. I will deal with this through counsel if you are represented. If you or your attorney have any questions, please feel free to call or e-mail me.

    Thank you for considering this request.

                                    Very truly yours,

                                    William J. Leonard

WJL/pac

4702947