UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE THIRD-PARTY SUBPOENA TO PRODUCE DOCUMENTS | Case No. 1:13-mc-00405-JEB-DAR |
| GREGORY THORPE and BLAIR HAMRICK,<br><br>Plaintiffs,<br><br>v.<br><br>KEITH F. CROSS, JOSEPH F. BENNETT, and CROSS & BENNETT L.L.C.,<br><br>Defendants. | Related to:<br>No. 1:12-cv-11632-RWZ<br>Pending in the DISTRICT OF MASSACHUSETTS |

**DECLARATION OF STEPHEN HASEGAWA IN SUPPORT OF REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

## DECLARATION OF STEPHEN HASEGAWA

I, Stephen Hasegawa, hereby declare and state as follows:

1.  I am an attorney with Phillips & Cohen, LLP, counsel for non-party subpoena recipient Phillips & Cohen LLP ("P&C") in the above-captioned matter. I serve as P&C's General Counsel. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.  In their Opposition to P&C's Motion to Quash, or in the Alternative, for Protective Order re: Subpoena, Thorpe and Hamrick narrowed the scope of the documents they are seeking from P&C to 11 "Modified Requests." Thorpe, Hamrick, and P&C subsequently reached agreement to resolve their dispute as to Modified Requests 6-9. The parties continue to dispute the discoverability of the documents sought in the remaining Modified Requests.

3.  The parties' agreement as to Modified Requests 6-9 is set forth in separate correspondence between counsel for Thorpe and Hamrick and counsel for P&C. In brief, although P&C continues to believe that the documents that Thorpe and Hamrick seek in Modified Requests 6-9 are irrelevant, sought for an improper purpose, and subject to the work product protection, in order to narrow this dispute, P&C has agreed to provide: (1) certain declarations and other information establishing that, in representing Gerahty and Burke prior to the parties' agreement in the GSK lawsuits to pool their resources and share in any recovery, P&C did not review or use any information Thorpe provided in his 2002 submission to P&C; and (2) a copy of the information P&C provided to GSK in support of P&C's request for reasonable attorneys' fees in the GSK lawsuits. In exchange, Thorpe and Hamrick have agreed (1) to withdraw their Modified Requests 6-9; (2) that P&C's provision of information pursuant to this agreement will not constitute a subject-matter waiver of any privileges or protections applicable to documents or information not produced; and (3) to treat the information P&C provided as confidential,

subject to the terms of a stipulated protective order to be filed in the District of Massachusetts.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 21st day of June, 2013.

_____
Stephen Hasegawa