UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILLIPS & COHEN, LLP,<br><br>    Non-Party Petitioner,<br><br>v.<br><br>GREGORY THORPE, et al.,<br><br>    Respondents. | Miscellaneous No. 13-405<br>JEB/DAR |

**MEMORANDUM ORDER**

This miscellaneous action was referred to the undersigned United States Magistrate Judge for determination of Non-Party Phillips & Cohen LLP's Motion to Quash or, in the Alternative, for Protective Order Re: Subpoena (hereinafter "Motion to Quash" or "motion") (Document No. 1). Upon consideration of the motion; the opposition filed on behalf of Respondents Gregory Thorpe and Blair Hamrick (Document No. 11); the Petitioner's reply (Document No. 14); the oral arguments of counsel and the entire record herein, the motion will be granted.

**BACKGROUND**

Respondents in this miscellaneous action are plaintiffs in a civil action pending in the United States District Court for the District of Massachusetts. In the civil action, Respondents allege legal malpractice by the lawyers who represented them in a *qui tam* action – ultimately

Phillips & Cohen LLP v. Gregory Thorpe, et al.                                                                                           2

resolved by settlement -- against GlaxoSmithKline LLC.  Petitioner Phillips & Cohen is not a party to the civil action now pending in the District of Massachusetts, and did not represent either Respondent during the *qui tam* action; rather, Phillips & Cohen represented two other relators who alleged overlapping claims – also resolved by settlement – in the *qui tam* action.

Petitioner moves to quash the subpoena served upon it by Respondents on the grounds that (1) Respondents seek documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (2) compliance with the subpoena would impose an undue burden, and (3) the material which is the subject of the subpoena is protected from discovery by the work product doctrine.  Motion to Quash at 1.  Petitioner further asserts that the subpoena Respondents served "[is] not for the purpose of gathering information for use in their pending lawsuit, but rather for the purpose of gathering information for use against [Phillips & Cohen], [which] is not presently a defendant in any action."  Petitioner's Memorandum of Points and Authorities at 2; *see also* Declaration of Stephen Hasegawa in Support of Non-Party Phillips & Cohen LLP's Motion to Quash or, in the Alternative, for Protective Order Re: Subpoena ("Hasegawa Declaration") (Document No. 1-2), ¶19 (indicating that Respondents' counsel "stated that they would be sending [Petitioner, Phillips & Cohen] a letter seeking information about purported ethical concerns regarding [Petitioner's] representation of two other relators . . . in the [GlaxoSmithKline] lawsuits.").

Respondents, in their opposition to Petitioner's motion, assert that the discovery they seek "[is] in connection with [their] malpractice claim [against their former counsel] and [their former counsel's] counterclaim." [Respondents'] Opposition to Phillips & Cohen LLP's Motion to Quash or, in the Alternative, for Protective Order ("Respondents' Opposition") (Document No.

11) at 3.  Respondents broadly assert that "all communications relating to the case are directly relevant to the *quantum meruit* fee claim and the defense that [Respondents' former counsel's] fee is unjustified because [Phillips & Cohen] was doing all the work." *Id.* at 3.  Additionally, Respondents dispute Petitioner's characterization of its role in the action pending in the District of Massachusetts as "tangential[,]" and maintain that the documents which are the subject of the subpoena are not available from any other source.  *Id.*  Finally, with respect to Petitioner's contention that Respondents, through the subpoena served on Petitioner, seek documents for use in a yet-to-be-filed lawsuit against Petitioner, Respondents state that "[i]f discovery in the malpractice case against [their former counsel] uncovers misconduct by [Petitioner, Phillips & Cohen], it will be up to [Respondents] to decide whether or how to pursue that.  However, such potential fallout is no reason to preclude discovery of non-privileged, discoverable information relevant to explicit allegations asserted in [Respondents'] malpractice claim." *Id.*

Respondents propose "modifying" their requests "in an effort to address some of the issues raised by [Petitioner] in its Motion[.]" Respondents' Opposition at 15-25.  Petitioner, in its reply, acknowledges that Petitioner and Respondents have reached an agreement regarding certain of the categories of documents which are the subject of the subpoena, but objects to an order compelling the production of the remainder.  Non-Party Phillips & Cohen LLP's Reply Memorandum in Support of Motion to Quash, or in the Alternative, for Protective Order Re: Subpoena (Document No. 11) ("Petitioner's Reply") (Document No. 14) at 1; *see also id.* at 2-18.

Upon consideration of the entire record herein, the undersigned finds that only the first and second of the grounds on which Petitioner moves to quash the subpoena require discussion.

**DISCUSSION**

This court recently has observed, in the context of discovery sought of a non-party, that

> [d]iscovery obtained from a nonparty pursuant to Rule 45 has "the same scope as provided in Rule 26(b)[.] . . . Thus, "[t]he term relevance at the discovery stage is broadly interpreted to include information which is not admissible at the trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence." Therefore, with respect to a Rule 45 subpoena, "'[a] request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party.'"

*In re Denture Cream Products Liability Litigation,* 292 F.R.D. 120, 123 (D.D.C. 2013) (citations omitted); *see also Coleman v. District of Columbia*, 275 F.R.D. 33, 36 (D.D.C. 2011) ("No requirement of relevance is included in the text of Rule 45; however, it is settled that a subpoena is limited in scope by Rule 26(b)(1) of the Federal Rules of Civil Procedure.") (citations omitted).

Additionally, the court noted that "[t]he text of Rule 45 makes quite clear that parties and attorneys who issue subpoenas have an affirmative duty to prevent undue burden or expense to the persons subject to the subpoena," which requires that district courts consider "a number of factors potentially relevant to the question of undue burden," among them:

> whether the discovery is unreasonably cumulative or duplicative; whether the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive; and whether the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

*In re Denture Cream Products Liability Litigation*, 292 F.R.D. at 123 (citations omitted). Thus,

Phillips & Cohen LLP v. Gregory Thorpe, et al. 5

a court, in accordance with Rule 45, "'has the discretion to limit discovery to prevent undue expense to third parties, even if the discovery is within the permissible scope" of the Federal Rules of Civil Procedure." *Id.* at 123-24. (citation omitted).

  Applying these standards, the undersigned finds, largely for the reasons offered by Petitioner, that Respondents seek documents which are of no conceivable relevance in the context of the action now pending in the District of Massachusetts, and further, that production of such documents would be unduly burdensome. With respect to relevance, the undersigned finds that while the action pending in the District of Massachusetts is a legal malpractice action brought by Respondents against their former counsel – not Petitioner, Phillips & Cohen – the documents which are the subject of the subpoena concern Petitioners' representation of its own clients and its evaluation of potential clients. Accordingly, the undersigned finds, as Petitioner suggests, that "the Subpoena is a naked attempt to gather information for use in evaluating, and perhaps litigating, a claim against [Phillips & Cohen]." Petitioner's Memorandum of Points and Authorities at 2. No interpretation of Rule 26 can be read to countenance such an effort. *See Coleman*, 275 F.R.D. at 36 ("This court has determined that '[a] showing of relevance can be viewed as a showing of need; for the purpose of prosecuting or defending a specific pending civil action, one is presumed to have no need of a matter not relevant to the subject matter involved in the pending action.'") (citation and internal quotations omitted).

  Further, the undersigned finds that Petitioner has demonstrated – through a declaration which Respondents have not attempted to rebut – that compliance with the subpoena would impose a "substantial and undue" burden. *See* Hasegawa Declaration, ¶¶ 15-17. Respondents appear to suggest that because the lawyers they have sued in the District of Massachusetts may

Phillips & Cohen LLP v. Gregory Thorpe, et al. 6

have deleted emails which are discoverable in the Massachusetts action, Petitioner in this miscellaneous action must produce them, to the extent it has retained them, *see* Respondent's Opposition at 31-35; however, the undersigned finds that it is a judge of the District of Massachusetts, rather than a judge of this district, who must determine the sufficiency of a party's responses to discovery requests propounded in the civil action pending in the District of Massachusetts. *Cf Gordon v. Borigini*, No. 13-mc-00021, 2013 WL 4566677, at *1 (D.D.C. July 9, 2013) (noting that a party may move to compel discovery pursuant to Rule 37 in the district in which the civil action is pending).

**CONCLUSION**

For all of the foregoing reasons, it is, this 19th day of November, 2013,

**ORDERED** that Non-Party Phillips & Cohen LLP's Motion to Quash or, in the Alternative, for Protective Order Re: Subpoena (Document No. 1) is **GRANTED**.

/s/
DEBORAH. A. ROBINSON
United States Magistrate Judge